UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MORGAN STANLEY & CO., LLC,

    Plaintiff,

v().  CASE NO.: 8:11-cv-2469-T-23TBM

THE CORE FUND,

    Defendant.
_____/

## **ORDER**

The Core Fund (the Fund) and Morgan Stanley mutually submitted their securities dispute to arbitration. Appended to, and incorporated into, the parties' "Submission Agreement" is the initial arbitration pleading of each party. The "standard form" FINRA submission agreement stipulates that the parties submit to the jurisdiction of the arbitration panel the issues that appear in the claimant's statement of claim and in the respondent's answer and defenses. The Fund's statement of claim includes an express demand for an award of attorneys' fees from the arbitration panel. Acting in accord with the Fund, Morgan Stanley's answer and defenses includes an express demand for an award of attorneys' fees from the arbitration panel. In sum, the parties mutually submitted attorneys' fees to the jurisdiction of the arbitration panel.

After an extensive evidentiary hearing, the arbitration panel resolved the arbitration claim in favor of Morgan Stanley and against the Fund but denied Morgan Stanley's claim for attorneys' fees. For the first time in this confirmation action in the district court under the Federal Arbitration Act and although seeking confirmation of the award otherwise, Morgan Stanley denies the parties' mutual submission to arbitration of the issue of attorneys' fees, denies the arbitration panel's jurisdiction to adjudicate the issue of attorneys' fees, and demands that the district court both vacate the panel's denial of attorneys' fees and award the respondent attorneys' fees. But, because the parties' expressly committed the issue of attorneys' fees to the jurisdiction of the arbitration panel, because the arbitration panel resolved the attorneys' fees issue after concluding reasonably (and correctly) that the parties submitted to the panel the issue of attorneys' fees, and because the parties never mutually withdrew (or even sought to withdraw) the issue of attorneys' fees from the arbitration panel (either with or without the panel's consent), Morgan Stanley's request is **DENIED** and the arbitration award is **CONFIRMED**.

## DISCUSSION

In 2007, Morgan Stanley advised the Fund to purchase student-loan auction-rate securities.[1] In 2008, the auction-rate-securities market "froze" and the Fund, in

---

[1] An auction-rate security is a municipal or corporate bond or a preferred share with an interest rate or a dividend yield periodically adjusted by auction. If an auction "fails" due to insufficient bids, the issuer pays an above-market interest rate in accord with a pre-determined formula.

turn, lost at least $10,000,000. In 2011, the Fund alleged securities law violations, including a violation of Chapter 517, Florida Statutes, by Morgan Stanley, and the parties began an arbitration before the Financial Industry Regulatory Authority ("FINRA").[2]

On September 29, 2011, after an arbitration hearing – memorably described by Morgan Stanley as "a full evidentiary hearing that spanned four days (and eight hearing sessions), which included testimony from numerous percipient witnesses and The Core Fund's expert" – a FINRA arbitration panel (1) ruled in favor of Morgan Stanley on the Fund's claims that Morgan Stanley violated the securities laws, (2) dismissed the Fund's action with prejudice, and (3) denied Morgan Stanley's request for attorneys' fees.

Arguing now that the arbitration panel lacked authority to rule on attorneys' fees, Morgan Stanley (1) moves (Doc. 1) under 9 U.S.C. § 10(a)(4) to vacate the part of the arbitration order that denies the attorneys' fees, (2) moves for the district court to award attorneys' fees, and (3) moves to otherwise confirm the arbitration award. Although accepting Morgan Stanley's success on the merits of the Fund's securities claim, the Fund opposes (Docs. 10, 18) Morgan Stanley's motion to vacate the

---

[2] Formerly the National Association of Securities Dealers ("NASD"), FINRA has averaged roughly 6,000 arbitration filings since 1997. *See* FINRA Dispute Resolution Statistics (May 2012), *available at* http://www.finra.org/ArbitrationAndMediation/FINRADisputeResolution/Additional Resources/Statistics/.

arbitrators' denial of attorneys' fees, and the Fund opposes Morgan Stanley's motion for the district court to award attorneys' fees.[3]

Sections 10 and 11 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 10 and 11, provide "the exclusive means by which a federal court may upset an arbitration panel's award." *White Springs Agricultural Chems., Inc. v. Glawson Inv. Corp.*, 660 F.3d 1277, 1280 (11th Cir. 2011). Section 10(a)(4) empowers a court to vacate an arbitration award if the arbitrators "exceeded their powers," but the provision applies narrowly and only if the arbitrators decide an issue not submitted by the parties or grant relief not authorized in the arbitration agreement. *Blue Tee Corp. v. Koehring Co.*, 999 F.2d 633, 636 (2d Cir. 1993) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G.*, 579 F.3d 691, 703 (2d. Cir. 1978)); 2 DOMKE ON COMMERCIAL ARBITRATION § 39:6 (2012). "'[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)); *White Springs*, 660 F.3d at 1281. A party cannot "overcome the 'high hurdle' necessary for vacating an arbitration award when there is a plain basis for the panel's award in the parties' agreement." *White Springs*, 660 F.3d at 1281 (citing *Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. ___, 130 S. Ct. 1758, 1767 (2010)).

---

[3] The parties dispute whether the Florida Arbitration Code or the Federal Arbitration Act governs whether the parties "agreed to submit" attorneys' fees to arbitration. The Fund argues that the Federal Arbitration Act pre-empts Section 682.11, Florida Statutes, in disputes (such as this one) "involving" interstate commerce. But, "regardless of whether [federal] or [state] law controls, the threshold issue is whether the parties agreed to have the panel decide attorneys['] fees." *Robert W. Baird & Co., Inc. v. SunAmerica Sec., Inc.*, 399 F. Supp. 2d 1314, 1317 (M.D. Fla. 2005) (Adams, J.).

- 4 -

The governing arbitration agreement, FINRA's standard "Submission Agreement," incorporates by reference into the submission agreement each party's arbitration pleadings, that is, the Fund's "Statement of Claim" (an arbitration document similar in purpose and content to a complaint) and Morgan Stanley's "Answer and Defenses." The parties expressly agree in the submission agreement to "submit the present matter in controversy, as set forth in the attached statement of claim [and the] answer . . . to arbitration in accordance with FINRA By-Laws, Rules, and Code of Arbitration procedure." (Doc. 10-3 at 2) In other words, within the established and familiar arbitration procedures of FINRA, a "joint submission" occurs through the mechanism of the submission agreement. *Marshall & Co. v. Duke*, 941 F. Supp. 1207, 1213–15 (N.D. Ga. 1995) (confirming a NASD attorneys' fees award and stating, "The parties mutual agreement to have any and all fee issues decided by the panel is evidenced by their joint submission of the issues to the panel."), *aff'd*, 114 F.3d 188 (11th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *First Interregional Equity Corp. v. Haughton*, 842 F. Supp. 105, 112–13 (S.D.N.Y. 1994) (finding a joint submission of attorneys' fees when a party's NASD statement of claim seeks "costs and attorneys' fees incurred in connection with this proceeding"); *see also Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 751 So. 2d 143, 149 (Fla. 1st DCA 2000) (finding a joint submission of attorneys' fees to NASD arbitrators when "both parties agreed to submit to arbitration all the claims raised in the statement of claim, which included the claim for attorney's fees").

The Fund's statement of claim requests in the prayer for relief "[a]n award of reasonable attorneys' fees." (Doc. 1-3, at 10) Therefore, perforce the submission agreement, the Fund in the statement of claim "submit[ted] the present matter ['of reasonable attorneys' fees'], as set forth in the attached [s]tatement of [c]laim . . . to arbitration . . . ." Similarly, Morgan Stanley's arbitration answer requests the arbitrators to "award Morgan Stanley its costs for defending this claim, including attorney's fees." (Doc. 1-4, at 19) Therefore, perforce the submission agreement, Morgan Stanley also "submit[ted] the present matter ['including attorney's fees'], as set forth in the attached . . . answer . . . to arbitration . . . ." Acting through their respective demands for attorneys' fees in the statement of claim and the answer and defenses, the parties' mutual "submission" to arbitration of the attorneys' fees issue is plain and unmistakable.[4]

With the parties' mutual submission established, the only remaining issue, such as it is, is whether the parties can and did mutually withdraw the attorneys' fees issue from arbitration. A withdrawal must be unequivocal, explicit, and mutual. Failing to meet those conditions but, nonetheless, attempting to color the claim of

---

[4] Although not formally signing the submission agreement, Morgan Stanley "answered the claim[,] appeared[,] and testified at the hearing" without any reservation that was based on the absence of Morgan Stanley's signature on the submission agreement (of course, Morgan Stanley's arbitration answer, which requested an award of attorneys' fees, is signed by Morgan Stanley's counsel Jason M. Fedo of Greenberg Traurig). Accordingly, the arbitration panel held that Morgan Stanley "is bound by the determination of the [p]anel on all issues submitted." (Doc. 1-2, at 3) No party contests that the parties agreed to arbitration, that the submission agreement operates as the governing agreement to arbitrate, that the issues in the statement of claim and the answer are submitted for arbitration through incorporation by reference into the submission agreement, or that the arbitrators are empowered to resolve each issue "submitted" for arbitration perforce the submission agreement.

withdrawal, Morgan Stanley invokes some scattered language, introduced into the record by one party at one moment and by the other party at another moment (but never introduced by the parties in concert).

For example, in the "pre-hearing brief" the Fund states, "The [] Fund is also entitled to an award of attorney's fees, but the Florida statute provides that this award can only be awarded by a court of competent jurisdiction. Thus, after an award is made, the [] Fund will seek an award of attorneys' fees from a court pursuant to the statute." (Doc. 14-3, at 14) What is the reader to make of the dizzying concept of "after an award . . . the Fund will seek an award"? The most sensible interpretation of this odd language is that – for a moment, at least – the Fund believed that Florida's statute authorized the arbitrators to determine ("award") only a party's entitlement to a fee but that the statute authorized only a court to determine the amount of the fee.[5] But, however construed, whether sense or nonsense, whether right or wrong under Florida law, the Fund's statement, never mentioning Morgan Stanley's entitlement to fees, is certainly not an unequivocal, mutual withdrawal from arbitration of the issue of attorneys' fees (either Morgan Stanley's or the Fund's attorneys' fees) or even a joint motion to the arbitration panel for leave to withdraw the issue of attorneys' fees. And, of course, the Fund's statement is not a finding by the arbitration panel that the parties have withdrawn from arbitration the issue of attorneys' fees (and, after all, the arbitration panel must decide in the first instance what issue is submitted and what

---

[5] The Fund's statement notwithstanding, Section 682.11, Florida Statutes, permits an arbitrator to award attorneys' fees if "the parties by agreement" submit the issue to arbitration. *Turnberry Assoc. v. Serv. Station Aid, Inc.*, 651 So. 2d 1173, 1175 (Fla. 1995).

issue, if any, is withdrawn). The Fund's unilateral assertion, reasonably construed, confirms the arbitrators' authority to determine at least a party's entitlement to attorneys' fees, which is what the panel did.

In a "damages summary" introduced during the arbitration, the Fund repeats, "Under Florida law, arbitration panels do not have jurisdiction to award attorneys' fees. [The Fund] will seek judicial determination of an award after this panel makes its award." (Doc. 14-4, at 2) Thrice using the word "award," this confusing formulation is most likely another iteration of the Fund's erroneous view expressed in the pre-hearing brief – the arbitrators can determine entitlement to attorneys' fees but only a court can determine the amount of the fee.

In Morgan Stanley's "pre-hearing brief," a section entitled "The Core Fund Is Not Entitled to Attorney's Fees" reads in full:

> The [] Fund has also requested an award of attorney's fees. Under Florida law, attorney's fees are not recoverable unless provided for by contract or statute. In this case, the only basis through which the [] Fund could recover fees is through Section 517.211(6) of the Florida Statutes. Because there are no grounds for any claim under Chapter 517, there is no basis for an award of attorneys['] fees to the [] Fund. Moreover, Morgan Stanley notes that it reserves its right to seek fees as a prevailing party from a court of competent jurisdiction under Section 517.211(6).

(Doc. 14-2) Even if construed to mean exactly what Morgan Stanley claims – that Morgan Stanley sought to withdraw (or to "reserve") the issue of attorneys' fees from arbitration – a unilateral and stray "reservation of rights," appearing in one sentence on page forty of a brief, effectuates neither an unambiguous nor a mutual withdrawal of an issue – attorneys' fees – formally submitted to arbitration in the statement of

claim and the answer.  The arbitrators' authority, which by express and mutual submission included the authority to award attorneys' fees, is neither limited nor withdrawn by an ambiguous, unilateral, and stray assertion (or a self-serving "reservation of rights").[6]

Additionally, Morgan Stanley cites the conclusion to its own answer and claims again an "express reservation of rights" to seek attorneys' fees from a court:

> For the foregoing reasons, the [p]anel should (i) dismiss [the Fund's] [s]tatement of [c]laim in its entirety with prejudice, (ii) award Morgan Stanley its costs for defending this claim, including reasonable attorney's fees, and (iii) grant such other relief that the [p]anel deems fair and equitable.  Additionally, Morgan Stanley places [the Fund] on notice of its intention to seek attorney's fees as a prevailing party under Florida Statute Section 517.211(6) from a court of competent jurisdiction.

(Doc. 1-4)  Morgan Stanley apparently suggests that the second sentence annuls the first sentence's unqualified request for an award of "reasonable attorney's fees" from "the [p]anel," but Morgan Stanley's suggestion is strained and implausible to the point of insincerity.

The statute Morgan Stanley cites in the conclusion's second sentence, Section 517.211(6), entitles a prevailing party in a securities action to reasonable attorneys' fees "unless the court finds that the award of such fees would be unjust."  However, the "no pleading, no fees" rule of *Prudential Securities v. Ruskin*, 707 So. 2d 782 (Fla. 4th DCA 1998), requires a party seeking Chapter 517 attorneys' fees to notify the

---

[6] Had the parties presented the panel with a mutual and express request (or a stipulation or a joint notice or the like) to withdraw the issue of attorneys' fees from arbitration, the parties perhaps could have presented the district court the question of whether the panel had the discretion to permit withdrawal of an issue from arbitration after submission of that issue and, if withdrawal was denied, whether the panel retained the authority to decide the issue over the parties' objection.  Nothing in this record preserves that issue for the district court.

adversary, either formally or informally, of an intent to seek attorneys' fees. If the arbitrators reach a decision on the merits before the party notifies the adversary of an intent to seek a fee, the party waives the right to pursue the fee in an arbitration or anywhere else. *Prudential*, 707 So. 2d at 784, 785. The second sentence is, if anything consequential, Morgan Stanley's Section 517.211(6) notice.

Further, Section 682.11, Florida Statutes, states that "[u]nless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." As interpreted by the Florida Supreme Court, Section 682.11 prevents an arbitrator from awarding attorneys' fees unless "the parties by agreement" waive the limitation. *Turnberry Assoc. v. Serv. Station Aid, Inc.*, 651 So. 2d 1173, 1175 (Fla. 1995). Stated positively, Section 682.11 permits an arbitrator to award attorneys' fees if "the parties by agreement" submit the issue to arbitration. In other words, "the parties by agreement" may (and did, in this instance) appoint the arbitration panel "a court of competent jurisdiction."

In sum, by requesting attorneys' fees in the first sentence of the conclusion to the answer and defenses, Morgan Stanley designated the arbitration panel "a court of competent jurisdiction" under *Turnberry*, empowered the arbitrators to decide Morgan Stanley's attorneys' fees, and – by notifying the adversary of an "intention to seek attorney's fees as a prevailing party . . . from a court of competent jurisdiction,"

i.e., the arbitrators – preserved under *Prudential* a potential entitlement to attorneys' fees from the arbitrators.

In an unguarded moment of candor in the motion to confirm, Morgan Stanley concedes the mutuality of the parties' request for attorneys' fees by complaining that "the arbitrators mistakenly denied the parties' requests for costs and attorneys' fees" – a statement that includes both the plural "parties" and the plural "requests" (in other words, a statement that is neither an inadvertence nor a typographical error). (Doc. 1 at 4)

Morgan Stanley further argues that neither party actively contested attorneys' fees during the arbitration hearing and Morgan Stanley observes that neither party presented to the arbitration panel either evidence or legal authority on the issue of attorneys' fees. To the extent that Morgan Stanley means that the parties never contested the arbitrators' right to decide attorneys' fees, the implication is unremarkable. After submission of the attorneys' fees issue by the parties, the arbitrators' right to decide attorneys' fees is obvious and needs no argument or prolonged citation of authority; to an arbitrator this is a commonplace. Of course, the need to litigate the dollar amount of attorneys' fees arises only after a party's entitlement to attorneys' fees is established, and no need arose in this instance to litigate either entitlement to, or the amount of, attorneys' fees, which were undeniably submitted to arbitration and which were expressly denied.

The final revealing and consequential failure by Morgan Stanley is the failure to litigate before the arbitration panel whether the issue of attorneys' fees was

withdrawn. Having submitted the issue of attorneys' fees in the statement of claim, Morgan Stanley bore the burden of effecting a mutual and unequivocal withdrawal by filing pertinent papers and presenting to the arbitrators a claim of withdrawal. Instead, Morgan Stanley chose a sly, tactical reticence while awaiting the arbitrators' decision. The arbitration award stated explicitly:

> In the Statement of Claim, Claimant requested: (1) rescission of $35,000,000.00 in SLARS; (2) compensatory damages of $11,311,268.00; (3) attorneys' fees; (4) pre-judgment interest; and (5) such other relief as the Panel deemed just and equitable.
>
> In its Statement of Answer Respondent requested: (1) that the Panel dismiss the Statement of Claim in its entirety, with prejudice; (2) costs and attorneys' fees; and, (3) such other relief as the Panel deemed fair and equitable.

(Doc. 1-2, at 2–3) The arbitrators "plainly believed" that the issue was, and remained, submitted for decision. *White Springs*, 660 F.3d at 1281; THOMAS H. OEHMKE, 1 COMMERCIAL ARBITRATION § 20:60 (2012) ("[Even if] the scope of arbitration is 'fairly debatable' or 'reasonably in doubt,' the arbitrator's assumption of jurisdiction should be upheld."). Established by the presence of a mutual and unequivocal submission and the absence of a mutual and unequivocal withdrawal, the arbitrators' "plain belief" prevails. Attorneys' fees were denied finally and entirely.

- 12 -

## CONCLUSION

The motion (Doc. 1) is **GRANTED IN PART** and **DENIED IN PART**. The arbitration award is confirmed under 9 U.S.C. § 9. The motion to strike (Doc. 19) is **DENIED AS MOOT**. The Clerk is directed to enter judgment accordingly and close the case.

ORDERED in Tampa, Florida, on July 11, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE